IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TOSHIA HUSTON,

    Plaintiff,

v.

AFFINITY MEDICAL SOLUTIONS, INC., et al.,

    Defendant.

NO. C12-5202 TEH

ORDER DENYING PLAINTIFF'S MOTION TO REMAND

Currently pending before the Court are Plaintiff's motion to remand and Defendants' motion to dismiss. For the reasons discussed below, the Court now DENIES Plaintiff's motion to remand but will allow her an opportunity either to amend her complaint to allege only claims under state law or to file a late opposition to Defendants' motion to dismiss.

**PROCEDURAL BACKGROUND**

This case was originally assigned to a magistrate judge. After Defendants filed a motion to dismiss, the magistrate judge ordered Plaintiff to file a consent or declination to proceed before a magistrate judge by October 29, 2012. Plaintiff failed to do so, and she also failed to file an opposition or statement of non-opposition to Defendants' motion. On November 6, 2012, the magistrate judge ordered Plaintiff to show cause as to why the case should not be dismissed, and to file a consent or declination form, by November 13, 2012. Plaintiff filed a motion to remand on November 7, 2012, but did not respond to the order to show cause or file the required consent or declination. The magistrate judge subsequently issued a second order to show cause on November 15, 2012, with responses due four days later. Plaintiff filed a timely response to the order to show cause, stating that she did not file

1  an opposition because she believed that doing so would waive her right to seek remand. She
2  also finally filed a declination to proceed before a magistrate judge.
3    Following Plaintiff's declination, the case was reassigned to this Court. The
4  November 20, 2012 Order Reassigning Case and November 21, 2012 Clerk's Notice
5  Scheduling Case Management Conference on Reassignment required the parties to re-notice
6  any motions pending at the time of reassignment. Defendants re-noticed their motion to
7  dismiss for January 14, 2013, but Plaintiff never re-noticed her motion to remand. Plaintiff
8  also did not file a reply to Defendants' opposition to her motion to remand, which was due
9  by November 28, 2012.

**DISCUSSION**

Plaintiff Toshia Huston seeks to remand this case in its entirety or, at a minimum, to sever and remand six causes of action that she contends arise solely under state law. The fifth cause of action in the operative complaint is for "Deprivation of Civil Rights – 42 U.S.C. § 1981 and 1988." First Am. Compl. at 15. Huston asserts that "Defendant and the Individual Defendants in engaging in the conduct herein alleged, deprived plaintiff of her civil rights in violation of Title 42 United States Code, Sections 1981 and 1988, in that plaintiff was denied equal employment opportunities by said defendants, and each of them." *Id.* ¶ 41. She further alleges that, "[b]y reason of defendants' discrimination and harassment of plaintiff, she was deprived of rights, privileges and immunities secured to her by the First and Fourteenth Amendment of the United States Constitution and the laws enacted there under in that Affinity and the Individual Defendants' discrimination and harassment deprived plaintiff of liberty and property without due process of law." *Id.* ¶ 42. This cause of action plainly arises under federal law, and removal of this case was therefore proper.[1] 28 U.S.C. § 1441 (removal proper where district courts have original jurisdiction); 28 U.S.C. § 1331

---

[1] As Huston correctly observes, state courts have concurrent jurisdiction over many federal claims, and Huston's fifth cause of action could have been adjudicated by a California state court. This does not, however, affect Defendants' right to remove to this Court.

2

("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.").

Huston alternatively asks that the Court apply 28 U.S.C. § 1441(c) to sever and remand her six other claims. However, that statute requires severance and remand only of "claim[s] not within the original or supplemental jurisdiction of the district court." 28 U.S.C. § 1441(c)(1)(B) & (2). A district court has "supplemental jurisdiction over all other claims that are so related to claims in the action within [the court's] original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution," 28 U.S.C. § 1367(a), and Huston herself acknowledges that only "unrelated" claims are subject to severance and remand, *e.g.*, Mot. at 3, 4. Upon review of the first amended complaint, the Court finds all of Huston's state law claims to arise out of the same case or controversy as her federal cause of action; all of her claims stem from the same nucleus of facts concerning alleged discrimination and harassment. This Court therefore has supplemental jurisdiction over all of the claims, and 28 U.S.C. § 1441(c) has no application to this case.

In addition, as pleaded, four of the other six causes of action do not arise solely under state law. For example, although the first cause of action is styled as an employment discrimination claim under California law, it alleges violation of "Title VII of the Civil Rights Act of 1964 [and] the Civil Rights Act of 1866, 1871, and 1991 (42 USC §§ 1981 and 1988)." First Am. Compl. ¶¶ 20, 23(a), 24, 28. The third, fourth, and seventh causes of action for retaliation, harassment, and negligent supervision, respectively, also allege violations of the same federal statutes. *Id.* ¶¶ 34, 35, 38, 49. Thus, the Court disagrees with Huston's contention that her state law claims predominate over a single federal cause of action.

However, if Huston wants to proceed only on state law claims, then this Court will entertain a stipulation or second motion to remand the case upon filing of an amended complaint that asserts no federal claims. She must "choose between federal claims and a state forum." *Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). If Huston

3

chooses the state forum over her federal claims, the Court encourages counsel to meet and confer to avoid unnecessary litigation over whether the second amended complaint continues to assert federal claims.

**CONCLUSION**

With good cause appearing for the above reasons, Plaintiff Toshia Huston's motion to remand is DENIED. IT IS FURTHER ORDERED that:

1. Huston shall file either an amended complaint or an opposition to Defendants' motion to dismiss on or before **January 4, 2013**.

2. If Huston amends her complaint, Defendants' pending motion to dismiss will be vacated as moot. If the parties agree that the amended complaint should be remanded, they shall file a stipulation and proposed order on or before **January 7, 2013**. If they do not agree, any motion to remand must be filed on or before **January 14, 2013**.

3. If Huston does not file an amended complaint and instead opposes Defendants' motion to dismiss, Defendants' reply shall be due on or before **January 11, 2013**, and the hearing on the motion shall be held on **January 28, 2013, at 10:00 AM**.

4. The order to show cause issued by the magistrate judge is VACATED. However, the Court will consider all past violations when determining whether to sanction counsel for any future violations of applicable rules or orders.

**IT IS SO ORDERED.**

Dated: 12/06/12

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

4