IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

TOSHIA HUSTON,

              Plaintiff,

    v.

AFFINITY MEDICAL SOLUTIONS, INC., et al.,

              Defendant.

NO. C12-5202 TEH

ORDER GRANTING PLAINTIFF'S SECOND MOTION TO REMAND

This matter comes before the Court on Plaintiff Toshia Huston's second motion to remand. After carefully considering the parties' written arguments, the Court finds oral argument to be unnecessary and now VACATES the February 25, 2013 hearing. Huston's motion to remand is GRANTED for the reasons discussed below.

**DISCUSSION**

On December 6, 2012, this Court denied Huston's first motion to remand. The Court determined that Huston's first amended complaint contained a federal claim over which the Court had original jurisdiction, as well as related state law claims over which the Court had supplemental jurisdiction. Thus, Defendant Affinity Medical Solutions, Inc.'s removal was proper, and remand was inappropriate.

However, because it appeared to the Court that Huston intended her suit to focus on state law claims, the Court instructed that, "if Huston wants to proceed only on state law claims, then this Court will entertain a stipulation or second motion to remand the case upon filing of an amended complaint that asserts no federal claims." Dec. 6, 2012 Order at 3. On December 17, 2012, Huston filed a timely amended complaint – her second, although she styled it as a "third amended complaint" – and this motion followed. The parties agree that

this Court has discretion to remand the case now that Huston has abandoned her federal claims, but they differ on how they think the Court should exercise that discretion.

"[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988). A court may also "consider whether the plaintiff has engaged in any manipulative tactics when it decides whether to remand a case." *Id.* at 357.

Here, the first four factors are either neutral or weigh in favor of remand. The Court has expended no resources on this case except for evaluating Huston's two motions to remand, and judicial economy therefore favors remand. Likewise, the operative complaint now seeks adjudication only of questions arising under state law, so comity also favors remand. Convenience and fairness are neutral factors, as neither this Court nor the Superior Court for the County of Contra Costa are significantly more or less convenient for the parties, and the parties have presented no reason why either forum would be more or less fair.

Affinity's primary argument against remand is that Huston's delay in seeking to remove the federal claims from this case "suggests that [her] decision to amend her complaint is merely an exercise in forum shopping." Opp'n at 4 n.1. This Court disagrees. As the Ninth Circuit has explained:

> Filing federal claims in state court is a legitimate tactical decision by the plaintiff: it is an offer to the defendant to litigate the federal claims in state court. The defendant is not obligated to remove; rather, he has the choice either to submit to state court resolution of his claims, or to assert his right to a federal forum. If the defendant rejects the plaintiff's offer to litigate in state court and removes the action, the plaintiff must then choose between federal claims and a state forum. Plaintiffs in this case chose the state forum. They dismissed their federal claims and moved for remand with all due speed after removal. There was nothing manipulative about that straight-forward tactical decision. . . .

*Baddie v. Berkeley Farms, Inc.*, 64 F.3d 487, 491 (9th Cir. 1995). Here, Huston did not seek to dismiss her federal claims "with all due speed after removal," and instead did not do so

2

until approximately ten weeks after removal and after the Court denied her first motion to remand. Nonetheless, the Court does not attribute this behavior to manipulative tactics; rather, Huston's counsel appears to have misunderstood the law governing removal. Based on Huston's filings, it appears that her counsel honestly – but mistakenly – believed that having state law claims be "the focus of the complaint" would defeat any attempt at removal, notwithstanding the presence of a claim arising under federal law. *E.g.*, Nov. 7, 2012 Mot. to Remand at 3. Under counsel's mistaken interpretation of the law, dismissal of Huston's federal claims would have been unnecessary to obtain remand. Once the Court rejected Huston's legal theory and gave her the choice between federal claims and a state forum, Huston promptly chose the state forum by filing an amended complaint devoid of federal claims. The Court does not find this behavior to be evidence of forum shopping or other manipulative tactics that would weigh against remand.

Finally, while Affinity correctly observes that it incurred attorneys' fees in removing this case and opposing Huston's first remand motion, which the Court ultimately found to be without merit, Affinity did not request an award of fees and costs under Rule 11 of the Federal Rules of Civil Procedure or any other law. Moreover, that a defendant incurred attorneys' fees does not weigh against remand where, as here, the plaintiff's counsel did not engage in manipulative tactics.

## CONCLUSION

With good cause appearing for the above reasons, the Court exercises its discretion to GRANT Huston's motion to remand. This matter is hereby remanded to the Superior Court of California for the County of Contra Costa. The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: 02/14/13

THELTON E. HENDERSON, JUDGE
UNITED STATES DISTRICT COURT

3